Curia, per O’Neall, J.
In relation to the defendant’s plea of plene administravit,. it is only necessary to apply the 6th rule of court, and it cannot; be received: (Rules adopted in 1814, 1 Con. Rep. Mill, xiv.) The language of the rule is — “ No plea oí plene administravit shall be admitted in any action against executors or administrators, unless the defendant pleading such plea do file with the same, in the clerk’s office, a full and particular account of his administration, upon oath, with an office copy of the inventory and appraisement of the estate; to the end that it may appear to the court, that the personal assets of the testator or intestate are really administered to the extent pleaded by the defendant.”— Without “ the full and particular account of the defendant’s administration upon oath, accompanied by an office copy of the inventory and appraisement of the estate,” the defendant’s plea was improperly filed ; and when this objection was presented to the court, to strike out the defendant’s plea was the only course which the court could pursue, if the rule of the court was to be enforced. The first special plea, “ that due notice was given to creditors, to render in their true demands against the defendant’s intestate, and that in default thereof by the said plaintiff, to render in an account of his demand, all the goods and chattels of the said William Rouse, deceased, which were at the time of his death, and which have ever come into the hands of the said William T.,- as administrator as aforesaid, have been distributed; and that the said William T. hath not, nor on the day of the commencement of .this suit, or at any time since, hath or had' any of the goods or *222 chattels of the said William Rouse, deceased, but the same are fully administered,” &c. is, in fact, but another variety of plena administravit, and is subject to the objection already stated to that plea. This is indeed pleading a matter specially, which could properly be put in issue under plane administravit, by the plaintiff’s replication and the defendant’s rejoinder. For, if that plea had been accompanied by defendant’s accounts, the plaintiff might have replied the payment of debts out of their legal order, and averred that his debt was entitled to priority of payment. To this the defendant would have rejoined, that he gave the due notice for creditors to render in an account of their demands, and that the plaintiff failed to do so. This is the regular course of special pleading, and „when a defendant reverses it by pleading his rejoinder, it is so untechnical that a lawyer would hardly expect to make much progress by it. But, to give him an advantage, by so doing, can never be allowed, tie cannot thus be permitted to get rid of what is so distinctly required by the rule of court, the filing with the plea an account on oath of his administration. But, as a plea, it is no answer to the plaintiff’s declaration; he seeks to recover now his debt of the assets of the intestate. The only answer for the want of assets, is plane administravit, generally, or prater. This is neither one or the other, in a legal point of vie.w, and cannot be allowed as a bar to the plaintiff’s demand. The 27th section of the act of 1789, (P. L. 494,) provides “ every executor or administrator shall give three weeks’ notice, by advertisement in the State Gazette, or, at three different places of the most public resort in the parish or county, for creditors to render an account of their demands; and they shall be allowed twelve months to ascertain the debts due to and from the deceased, to be computed from the probate of the will, or granting letters of administration. And creditors neglecting to give in a state of their debts within the time aforesaid, the executors or administrators shall not be liable to make good the same, nor shall any action be commenced against executors or administrators for the recovery of the debts due by the testator or intestate, until nine months after such testator’s or intestate’s death.” The object of this provision, in relation to notice *223 to creditors is, to protect an executor or administrator from a personal liability for the debt not rendered in. If there still remains an abundance of assets in the hands of the executor or administrator, it would be no objection to the plaintiff’s recovery to say, “ you had the legal notice, but failed to give me a state of your debtfor, the executor or administrator would not' be called on to make the same good.
So here the defendant has failed to plead plene administravit properly, and must be regarded as in possession of assets sufficient to pay the plaintiff’s demand. If, however, this is regarded as being rather technical, in visiting upon a defendant the consequences of mispleading, let us ask the question, is the defendant now in fact or in law, sought to be made liable personally for the plaintiff’s debt ? I think not. The judgment which will be recovered is de bonis testatoris. In an action of debt on this recovery, suggesting a devastavit, then the issue will be, shall this defendant make this plaintiff’s debt good. If the pleading here would preclude this question, then perhaps we might hesitate about closing the only door by which the defendant might escape. But the pleading left upon record under the circuit, decision, will 'be non est factum merely. The only four cases where an executor or administrator would be estopped from denying assets are, 1. Where he confesses judgment. 2. Where he suffers judgment by default. 3. Where he pleads plene administravit; and 4. Where he pleads plene administravit generally or piaster and his plea has been traversed, and the jury find a sum ultra in his hands.* In Bacon’s Abridgment, title Executors and Administrators, letter M., fig. 1, it is said, “But if an executor pleads that such a deed is not the deed of his testator, or that a release was given by the testator, though these prove false, yet the judgment shall be de bonis testa-toris, for of these the executor cannot be supposed to have so perfect a knowledge.” In Brown v. Hillegas et ux., 2 Hill. 450, it is said, “An executor or administrator is not to be made liable de bonis propriis, until his devastavit is legally and formally establish *224 ed. In this State, this can only be done by establishing first, his testator’s debt by matter of record, (i. e. a judgment recovered against the executor or administrator de bonis testatoris). Second, assets admitted by the defendant’s plea, confession or default, or found by the verdict of a jury on and against the plea of plene administra vit, generally or prseter; and third, that the defendant has wasted such assets.” Under these rules, it is plain that the defendant is not in any danger of a personal liability in an action of debt suggesting a devastavit. The only other mode of reaching him personally is by an account before the Ordinary, or in Equity, preparatory to a suit on his bond. There the matter of this plea will be properly and rightfully examined, and if it be true, as is alleged, the defendant will have the benefit of it. The defendant’s other plea is of a decree in equity, in a case to which this plaintiff was no party. As to him it is res inter alios acta, and according to a principle of law as old as its administration, cannot bar his right of action, and is therefore no defence to be pleaded by the defendant.
Hunt, for the motion.
Memminger, contra.
The motion to reverse the circuit decision is therefore dismissed.
Evans, Buteer, Richardson and Eaexe, Justices, concurred.

 See Givens v. Porteous, 1 M'Cord. 379; Brown v. Hillegas et ux., 2 Hill. 447.